UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: _____

LAGRAY OSBORNE,

        Plaintiff,

v.

WALMART, INC.,

        Defendant.

## COMPLAINT

The Plaintiff, LAGRAY OSBORNE (the "Plaintiff") hereby sues the Defendant, WALMART, INC. (the "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including his claims for discrimination, retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII") and the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq*. ("FCRA") ("Title VII" and "FCRA" together, the "Acts"), based on religion. This is also an action for race discrimination and retaliation under 42 U.S.C. § 1981 ("1981").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617. This Court also has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4. The acts or omissions given rise to this Complaint occurred in whole or in part in Pinellas County, Florida.

5. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Pinellas County, Florida

**PARTIES**

6. The Plaintiff is a resident of Pinellas County, Florida, within the jurisdiction of this Honorable Court.

7. The Plaintiff is a covered employee, who was an employee of the Defendant's corporation at all relevant times, performing work in Pinellas County, Florida.

8. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

9. The Defendant is a foreign profit corporation duly authorized and existing under the laws of the State of Florida and conducting business in Pinellas County, Florida. The Defendant is a covered employer for purposes of the Acts.

10. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## CONDITIONS PRECEDENT

11. All conditions precedent to bringing this action have occurred, been performed, or been excused. In particular, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations on or about July 25, 2024. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination. The EEOC issued its Dismissal and Notice of Rights on May 8, 2025. The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff LaGray Osborne is a 65-year-old Black, African American and devout Christian minister.

14. As a devout Christian minister, Plaintiff has consistently observed Saturday and Sunday as days of religious service and worship. On Saturdays, he leads outreach ministry to the homeless, providing food, clothing, and spiritual support in the community, and on Sundays, he attends church services.

15. These practices are rooted in Plaintiff's sincerely held religious beliefs, which include scriptural mandates to go out and minister to the needy. His outreach is not optional or recreational but a core component of his faith and religious expression.

16. Plaintiff has engaged in this ministry for over thirty (30) years and has done so throughout his employment with Defendant Walmart, Inc.

17. Plaintiff was employed by Walmart for approximately nineteen (19) years, beginning on or about 2005, most recently as a Tire and Lube Express (TLE) Technician.

18. Throughout his nearly two-decade tenure, Plaintiff performed his duties in a satisfactory or above-satisfactory manner and was never subject to discipline or written reprimand.

19. From the time of hire, Plaintiff advised Walmart of his religious commitments and requested an accommodation not to work on Saturdays and Sundays. Walmart granted this request and maintained a work schedule consistent with Plaintiff's religious observance for nearly eighteen (18) years.

20. Plaintiff's availability was clearly documented in Walmart's scheduling system as Monday through Friday from 6:30 a.m. to 4:00 p.m., with Saturdays and Sundays marked as unavailable.

21. Walmart accommodated this availability without incident until approximately 2022, when Plaintiff was transferred from Walmart Store #5218 to Store #1390, both located in Pinellas County, Florida.

22. Upon his transfer, Plaintiff's new manager at Store #1390 was "Lexie," a younger Hispanic female believed to be under 40 years old. At the time of the transfer, Lexie and other store leadership were made aware of Plaintiff's longstanding religious accommodation and initially honored it.

23. However, several months after the transfer, Lexie began scheduling Plaintiff to work on weekends, particularly on Saturdays, in direct conflict with his documented and approved availability.

24. When Plaintiff verbally reminded Lexie of his religious obligations and Walmart's consistent accommodation of his schedule, she responded, "We're short-staffed. You'll have to work weekends like everybody else."

25. Plaintiff explained that his religious obligations were not new and had been consistently respected by Walmart for nearly two decades.

26. Lexie then issued an ultimatum: Plaintiff could "either work weekends or lose hours."

27. Plaintiff, in accordance with his faith, declined to work Saturdays and Sundays.

28. Plaintiff noticed that his co-workers that did not request an accommodation due to their religious beliefs were not given an ultimatum and/or were not subjected to unilateral, drastic schedule changes.

29. Plaintiff also noticed that his non-Black co-workers were not given an ultimatum and/or were not subjected to unilateral, drastic schedule changes. In fact, Plaintiff observed that the schedule requests of Black employees were often challenged by Defendant.

30. Plaintiff objected to Manager Lexie's ultimatum and explained that his faith prevented him from working weekends.

31. Thereafter, Walmart began to reduce Plaintiff's work hours, scheduling him for fewer and fewer hours per week, while non-Black, non-religious employees were given full-time schedules and overtime opportunities.

32. Plaintiff lodged verbal complaints with management, including ACC Manager Charles and Personnel Manager James.

33. Despite Plaintiff's complaints, Walmart failed to take any corrective action or respond meaningfully to his concerns.

34. On August 27, 2024, when Plaintiff confronted the Defendant about his reduced hours, Defendant falsely stated that Plaintiff had "changed his availability." Thereafter, Plaintiff requested to review his availability documentation. On December 18, 2024, he discovered that the availability forms provided to him were incomplete, altered, or forged. Several pages were not in his handwriting, were missing dates or signatures, and at least one had been backdated. This suggests deliberate tampering with his records.

35. Walmart continued to schedule Plaintiff to work weekends, and Plaintiff continued to object, complain and refuse to work Saturdays and Sundays. Walmart willfully disregarded Plaintiff's repeated complaints, taking no remedial action to address the discriminatory and retaliatory conduct he reported.

36. Fully aware that Plaintiff refused to work Saturdays and Sundays because of his closely held religious practices and beliefs, Walmart never provided Plaintiff with a formal accommodation meeting or initiated an interactive process. His religious obligations were treated as a scheduling inconvenience rather than a protected right.

37. Plaintiff's complaints were ignored, and Walmart failed to initiate any investigation or implement any measures to resolve the issues raised.

38. Despite his repeated objections and requests for accommodation, Lexie and other Walmart managers continued to pressure Plaintiff to work weekends, including both Saturdays and Sundays.

39. Plaintiff refused to abandon his religious obligations and consistently declined weekend shifts.

40. As a result, in or around October 2024, after nearly two decades of dedicated service, Walmart drastically reduced Plaintiff's work hours, scheduling him for as few as twelve (12) hours per week.

41. Mr. Osborne persistently requested more hours and/or his full-time work schedule, Monday through Friday from 6:30 a.m. to 4:00 p.m., and in response Walmart continued to schedule him for 12 hours of work on Mondays, Tuesdays and Wednesdays of each week.

42. Mr. Osborne was not able to survive and purchase necessities based on the income he received from 12 hours of work per week.

43. The drastically reduced work hours created intolerable working conditions, intended to compel any reasonable employee to feel forced to separate from the company.

44. Walmart's actions, removing Plaintiff from the full-time work schedule, drastically reducing his hours, fabricating documentation, and failing to provide reasonable accommodation, were taken in direct response to his protected activity and religious beliefs.

45. Walmart treated non-religious and/or non-Black employees, more favorably by assigning them full schedules, overtime, and job security while penalizing Plaintiff for his religious observance and race.

46. Walmart's conduct constitutes both religious discrimination and retaliation, as well as disparate treatment based on Plaintiff's race.

47. Plaintiff's reduced hours caused significant economic hardship, forcing him to exhaust his 401(k) savings to survive.

48. Given the lack of work hours, the failure to engage in the interactive process, and the escalating retaliation following Mr. Osborne's protected complaints, Walmart created and

maintained working conditions that were so intolerable that any reasonable employee in Mr. Osborne's position would have felt compelled to separate from the company.

49. Consequently, on December 24, 2024, Mr. Osborne was constructively discharged when he was forced to retire from his nearly two decades of employment with Walmart.

50. Plaintiff had not planned to retire from Walmart in December 2024, and bur for the drastically reduced hours Plaintiff would not have retired.

51. The Plaintiff was and is qualified for his position while working for the Defendant.

52. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

**COUNT I: RELIGION DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII**

53. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

54. Plaintiff is a devout Christian minister whose sincerely held religious beliefs prohibit him from working on Saturdays and Sundays due to his ministry work and church attendance. Defendant was aware of Plaintiff's religious beliefs and had accommodated his religious scheduling restrictions for nearly two decades.

55. After Plaintiff was transferred to Walmart Store #1390, his new supervisor, Lexie, a younger Hispanic female, began disregarding Plaintiff's long-standing accommodation and repeatedly scheduled him to work on weekends despite his objections and prior documentation.

56. When Plaintiff reminded management of his religious needs and requested continued accommodation, Lexie responded that staffing shortages required him to work "like everyone else" and issued an ultimatum: either work weekends or lose hours.

57. Walmart subsequently reduced Plaintiff's work hours in retaliation for refusing to violate his religious beliefs, falsely claimed he had changed his availability, and fabricated or altered scheduling documents to support that claim.

58. Other non-religious employees and those who did not request accommodation were not subjected to similar reductions in hours or threats to their employment.

59. Defendant failed to engage in the interactive process and never offered any alternative accommodation. Instead, Walmart disregarded Plaintiff's protected rights and treated his religious observance as an inconvenience rather than a legal obligation.

60. As a direct and proximate result of the Defendant's unlawful discrimination based on religion, Plaintiff suffered adverse employment actions, including drastic reductions in work hours, removal from the work schedule, constructive discharge, and economic and emotional harm.

61. The Plaintiff's religion was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

62. The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

63. The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable

to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT II: RELIGION DISCRIMINATION (RETALIATION) – TITLE VII**

64. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

65. The Plaintiff complained about discrimination. As a result, his work hours were drastically reduced, and he was constructively discharged when he was forced to retire.

66. Specifically, Plaintiff engaged in protected activity under Title VII by requesting a reasonable accommodation for his sincerely held religious beliefs and by complaining to management, including Store Manager Lexie, ACC Manager Charles, and Personnel Manager James, about Walmart's failure to honor his long-standing religious scheduling restrictions.

67. In response to Plaintiff's protected complaints, Defendant retaliated against him by drastically reducing his hours, fabricating or altering availability records, reassigning his shifts to other employees, and ultimately removing him from the work schedule altogether.

68. Defendant failed to engage in any interactive process to explore alternative accommodations and instead treated Plaintiff's continued adherence to his religious practice as insubordination.

69. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered adverse employment actions, including loss of hours, removal from the schedule, constructive discharge, emotional distress, and economic hardship.

70. Defendant's retaliatory actions were taken intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

71. The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

72. The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT III: RELIGION DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

73. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

74. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

75. The Plaintiff is a member of protected class of citizens in that he holds a sincerely-held religious belief.

76. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his religion.

77. Defendant's discriminatory conduct is and was offensive to the Plaintiff and would be offensive to a reasonable person.

78. The Plaintiff was subjected to the conduct referred to in this Complaint because of his religion.

79. Similarly situated employees who did not share the same religion or religious practices were not subjected to the same treatment as Plaintiff.

80. During the course of the Plaintiff's employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his religion.

81. The Plaintiff was and is qualified for his position while working for the Defendant.

82. The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his religion in the terms, conditions, and privileges of his employment.

83. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

84. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his religion.

85. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

86. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h. Grant such other and further relief as the Court deems just and proper.

## **COUNT IV: RELIGION DISCRIMINATION (RETALIATION) – FCRA**

87. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

88. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

89. The Plaintiff is a member of protected class of citizens in that he holds a sincerely-held religious belief.

90. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his complaints about discrimination.

91. Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

92. Defendant's discriminatory conduct is and was offensive to the Plaintiff and would be offensive to a reasonable person.

93. The Plaintiff was subjected to the conduct referred to in this Complaint because he complained about discrimination.

94. The Plaintiff was and is qualified for his position while working for the Defendant.

95. The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of his complaints about discrimination.

96. As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

97. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

98. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT V: RACE DISCRIMINATION (DISPARATE TREATMENT) – 1981**

99. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

100. The Plaintiff is a member of a protected class of Black African American citizens.

101. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

102. During the course of the Plaintiff's employment with Defendant, the Defendant has violated the Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

103. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American employees of the Defendant.

104. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13 – 52 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

105. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13 – 52, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

106. Through its actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

107. During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in paragraphs 13 – 52 of this Complaint.

108. Defendant, at all times, had knowledge of the discriminatory acts and conduct of its employees, supervisors, managers and HR, and of all other discriminatory actions described in paragraphs 13 – 52 above.

109. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

110. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

111. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

112. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff punitive damages;

f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g. Award the Plaintiff reasonable costs and attorneys' fees; and

h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VI: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981**

113. The Plaintiff re-states and re-alleges paragraphs 1 - 52 as if set forth in full herein.

114. The Plaintiff is a member of a protected class of Black African American citizens.

115. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

116. During the course of the Plaintiff's employment with Defendant, the Defendant has violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

117. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American of the Defendant.

118. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13 – 52 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981, as amended.

119. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13 - 52, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981, as amended.

120. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

121. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

122. Plaintiff complained about race discrimination.

123. In response, the Defendant terminated Plaintiff's employment.

124. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

125. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

126. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g. Award the Plaintiff reasonable costs and attorneys' fees; and

h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: August 5, 2025.                     Respectfully submitted,

**By:   s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
*Lawyer of Justice*
Fla. Bar No.: 738158
Email: *attorneyblye@lawyerofjustice.com*
THE LAW OFFICE OF T. WALLS BLYE, PLLC
66 West Flagler Street, Ste. 900
Miami, Florida 33130
Office Line: 786.796.1814
Website: www.lawyerofjustice.com